### SLAVICK JEWELRY CO. v. CARTER, Internal Revenue Collector, et al.

District Court, S. D. California, S. D.
October 10, 1927.

No. 2501-J.

Internal revenue ⊂=25—Sales tax on jewelry sold on conditional sale contracts held computable on so much of price as was actually received (Revenue Acts 1918, 1921, § 905 [Comp. St. § 6309⅘f]).

Plaintiff sold jewelry on conditional sale contracts, which entitled it, at its option, on default to retake the article or recover the unpaid part of the price. After partial collections on sales, it charged off the balances due as uncollectible. Held, that such action was a confirmation of the sales, and that under Revenue Acts 1918 and 1921, § 905 (Comp. St. § 6309⅘f), sales tax was then due, but computable on the amount actually received, and not on the prices contracted for.

At Law. Action by the Slavick Jewelry Company against John P. Carter, Collector of Internal Revenue, and others. Judgment for plaintiff.

Mitchell, Silberberg & Davis, of Los Angeles, Cal., for plaintiff.

Samuel W. McNabb, U. S. Atty., of Los Angeles, Cal., Emmett E. Doherty, Asst. U. S. Atty., of San Francisco, Cal., and L. Dana Latham, Special Counsel, Bureau of Internal Revenue, of Los Angeles, Cal., for defendants.

JAMES, District Judge. Plaintiff corporation brings this suit to recover from the defendant, the district internal revenue collector, the sum of $3,637.34, which was paid upon the demand of the collector as a tax imposed upon sales made by plaintiff as a dealer in jewelry. The facts were stipulated. By this stipulation it appears that plaintiff, during the period between December, 1920, and December, 1924, inclusive, in the course of its regular business, bargained with approximately 700 persons for the separate sale of different articles of jewelry upon which it thereafter received certain payments which were credited on the purchase price, subject to further conditions which will hereinafter be referred to. The total amount of the agreed sale price on the aggregate account totaled $72,746.80. After having received payments amounting to $49,115.55, plaintiff, considering that the remainder of the agreed prices were uncollectable, charged off $23,631.25 to loss and closed the accounts.

The Revenue Department, acting under the provisions of section 905 of Revenue Acts of 1918 and 1921 (Comp. St. § 6309⅘f), collected a tax of 5 per cent. on the total sales price of the jewelry. Plaintiff in due time presented its claim for refund, which was refused, and this suit was then brought.

The law, which is to be looked to as embodied in the acts cited, provides that upon all articles commercially known as jewelry a tax equivalent to 5 per centum of the price shall be paid by a dealer when such jewelry is "sold." Each of the transactions making up the list of the sales, as claimed to have been made by the plaintiff, rested upon a conditional sales contract made between the vendor and its customer. The contract, a copy of which is attached to the stipulation of the facts, shows that the agreement took the ordinary form of lease or conditional sales contract, title being reserved in the vendor until all installments of the purchase price had been paid, and entitling the vendor to retake the merchandise upon default made in any payment. The customary term was also included that the vendor might at its option sue for the entire sum due when default in the payment of any installment was made. The contract was without question a contract of sale whereby the vendor reserved title in itself as security for the payment of the whole of the purchase price. Under such a contract the vendor had the right to waive the option to retake possession of the merchandise, notwithstanding the default of the purchaser, and to confirm title in the purchaser and collect the amount due.

The contention of the plaintiff that the transactions concerned did not constitute sales, in the manner in which they were handled, cannot be given approval without misapplying the purpose and intent of the revenue law. If the contention advanced is allowed to its fullest extent, it will be possible for jewelry merchants to successfully evade the payment of the sales tax by allowing the purchaser credit for a small part of the purchase price and having the sales terms expressed in a contract similar to the form exhibited here. The law is intended to work the practical result that the government shall be paid its tax where a jeweler disposes of his merchandise in the ordinary course of trade. This is not to say that the tax is payable from an uncompleted sale; and it is my opinion that a conditional sales contract does leave the transaction as uncompleted until the purchaser satisfies the condition as to payment, or the vendor affirmatively, or by his acts impliedly, confirms the transaction as completed, and relinquishes title to the vendee. Under the facts of this case it must be concluded, I think, that the

act of the vendor in charging to loss the balance of the price against the several purchasers amounted to an election not to retake the property. It must be assumed under the stipulation that the accounts were in fact uncollectable when they were charged off as such. Under that condition, the purchase price on each sale must necessarily be the amount actually collected. Treating the transaction as defined at the time of the "charge-off," the conclusion just expressed would seem to be inescapable.

It is therefore proper that the revenue collector should receive from the plaintiff the sales tax required to be paid by law. That tax, however, should be computed on the total of $49,115.55, which was the amount paid by the purchasers of the jewelry. It appears that plaintiff actually paid on the uncollected portion of the purchase price of the jewelry a tax in the sum of $1,181.56. For this amount it is entitled to judgment.